**In re Andrew/Amy CONLEE, Debtor(s).**

No. 10–31243.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 11, 2010.

Thomas M. Connolly, Oak Harbor, OH, for Debtors.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Motion of the United States Trustee to Dismiss this case pursuant to 11 U.S.C. § 707(b)(1), § 707(b)(2) and § 707(b)(3). (Doc. No. 14). The Debtors filed a response to the Motion, objecting to the Dismissal of their case. (Doc. No. 19). A Hearing was then held on the matter. At the conclusion of the Hearing, the Court deferred ruling on the Motion to Dismiss so as to afford the opportunity to further consider the evidence and arguments submitted by the Parties. (Doc. No. 20). The Court has now had the opportunity to review all of the arguments and evidence submitted in this case, and finds, for the reasons now explained, that the Motion of the United States Trustee to Dismiss has Merit.

## DISCUSSION

On March 4, 2010, the Debtors, Andrew and Amy Conlee, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). The Debtors also, as required by the Bankruptcy Rules, filed an Official Form B22A, entitled "Chapter 7 Statement of Current Monthly Income and Means–Test Calculation." This form implements the requirement of § 707(b)(2)(C), requiring a debtor to perform the 'means test' calculation of § 707(b)(2) so as to determine if granting relief in the case should be pre-

sumed to be an abuse. In completing Form B22A, the Debtors, who represented that they had a combined gross annual income of approximately $84,000.00, determined that no presumption of abuse arose in their case, checking then the applicable box on the Form. (Doc. No. 1).

On June 4, 2010, the United States Trustee (hereinafter the "UST") filed the Motion now before the Court to Dismiss this case. In the Motion, the UST took issue with two deductions taken by the Debtors in performing their 'means test' calculation on Form B22A: (1) an ownership expense for transportation in the amount of $340.20 per month; and (2) an expense of $500.00 per month for the repayment of a student-loan debt in the name of the Debtor, Amy Conlee.

For the last expense, the student-loan payment, the evidence before the Court revealed that the obligation was incurred by Mrs. Conlee between 2001–2005 to obtain an associate degree in nursing. The outstanding balance on this loan now stands at approximately $81,000.00, and constitutes 63% of the Debtors' outstanding unsecured debt.

After the UST filed its Motion, the Debtors acknowledged that, under the 'means test' formulation of § 707(b)(2), they were not entitled to take a $500.00 per month deduction for the repayment of their student-loan debt. (Doc. No. 19). Furthermore, the Debtors acknowledged that, once this adjustment was made, the 'means test' calculation of § 707(b)(2) yielded a result showing that the granting of relief in their case should be presumed to be an abuse. *Id.* The Debtors, however, take the position that their Chapter 7 case should not be dismissed, citing to § 707(b)(2)(B) as the basis for their position.

Under § 707(b)(2)(B), if the presumption of abuse arises when performing the 'means test' calculation of § 707(b)(2), it

may be rebutted by a debtor demonstrating the existence of "special circumstances." According to the Debtors, Mrs. Conlee's student loan constitutes a "special circumstance," justifying an adjustment to the 'means test' calculation for two reasons: (1) the student loan is non-dischargeable, and therefore the Debtors have no reasonable alternative but to pay the obligation; and (2) the student loan constitutes 63% of their unsecured debt, lessening the benefit that any plan of reorganization will confer upon the Debtors' general body of unsecured creditors. (Doc. No. 19).

Recently, in the case of *In re: Gregory/Jennifer Burggraf*, 436 B.R. 466 (Bankr.N.D.Ohio 2010), the Court was presented with the question of whether the debtors' student-loan obligations constituted a "special circumstances" for purposes of § 707(b)(2)(B)? In a written decision entered by the Court, wherein the issue was addressed in depth, two conclusions were reached.

■ First, it was determined that expenses associated with a debtor's student-loan debt could not constitute a *per se* "special circumstance" within the meaning of § 707(b)(2)(B)(i). Second, the Court determined that, under the particular circumstances presented in *In re: Gregory/Jennifer Burggraf*, the debtors' repayment of their student loans did not arise to the level of a "special circumstance," justifying an adjustment to the debtors' 'means test' calculation. These same conclusions are equally applicable in this particular matter, with a copy of the Court's decision in *In re: Gregory/Jennifer Burggraf* attached hereto, and made a part of this Decision.

In coming to this conclusion, it is first noted that, when compared with *In re: Gregory/Jennifer Burggraf*, the Debtors did not advance any new arguments concerning the propriety of allowing expenses

associated with a student loan to be considered as a *per se* "special circumstance" for purposes of § 707(b)(2)(B). As such, this Court's holding in *In re: Gregory/Jennifer Burggraf* disallowing any automatic link between student loans and the "special circumstances" contemplated by § 707(b)(2)(B), applies with equal force in the instant case. *See Irby v. Preferred Credit (In re Irby)*, 359 B.R. 859, 861 (2007) (under the doctrine of stare decisis, "a court, in the absence of any intervening change in the law, is to abide by a principle of law laid down in a past decision to a present case having substantially the same facts.").

■ Similarly, the factual circumstances as they exist in this case are not sufficiently distinguishable from the facts presented in *In re: Gregory/Jennifer Burggraf* so as to warrant a deviation from this Court's prior holding. *See Id.* If anything, the particular facts presented in *In re: Gregory/Jennifer Burggraf* were more favorable, as compared to this case, to a finding that "special circumstances" existed. For example, the amount of the student-loan debt presented in *In re: Gregory/Jennifer Burggraf* constituted approximately three times the debtors' gross annual wages, making its strain on the debtors' budget much more acute than in this case where the Debtors' outstanding student loans stand at slightly less than one year of the Debtors' gross salary. The Debtors in this matter are also eligible for Chapter 13 relief, while the debtors in *In re: Gregory/Jennifer Burggraf* were not eligible to be debtors under Chapter 13.

In conclusion, any expense associated with the Debtors' repayment of Mrs. Conlee's student loan does not constitute a "special circumstance" within the meaning of § 707(b)(2)(B). As a consequence, the granting of relief in this case must be presumed to be an abuse within the meaning of § 707(b)(2), with the Court unable to

find any fault with the Debtors' calculation under the 'means test,' which shows that they have the ability to repay at least a portion of their debts. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, subject to the Debtors' election to convert this case, the Motion of the United States Trustee to Dismiss, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that the Clerk, United States Bankruptcy Court, is directed to prepare for presentation to the Court an order of dismissal under 11 U.S.C. § 707(b)(1) if, at the opening of business on Friday, August 27, 2010, this case is still proceeding under Chapter 7 of the United States Bankruptcy Code.